**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

Last revised: August 1, 2020

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:

Case No.: 20-12670-JKS

Judge: John K. Sherwood U.S.B.J

Debtor(s)

### Chapter 13 Plan and Motions

☐ Original        ☒ Modified/Notice Required        Date: 9/13/23

☐ Motions Included        ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: _____    Initial Debtor: _____    Initial Co-Debtor: _____

**Part 1:   Payment and Length of Plan**

a. The debtor shall pay $ __359.62__ per __month__ to the Chapter 13 Trustee, starting on __2/1/21__ for approximately __60__ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☐   Future earnings

☐   Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☒ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: Per the New Rez/ Shellpoint Mortgage approval, The Loan Modification Trial Payment Completion is on or about 9/29/23.

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection ☒ NONE

a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $0.00 |
| DOMESTIC SUPPORT OBLIGATION | | |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

## Part 4: Secured Claims

**a. Curing Default and Maintaining Payments on Principal Residence:** ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

**c. Secured claims excluded from 11 U.S.C. 506:** ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments  ☒ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

### e. Surrender  ☒ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan:** ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5: Unsecured Claims ☐ NONE

**a. Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

**b. Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6: Executory Contracts and Unexpired Leases ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

## Part 7: Motions ☒ NONE

NOTE: All plans containing motions must be served on all affected lienholders, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal, and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).** ☐ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8:  Other Plan Provisions

**a. Vesting of Property of the Estate**

☒ Upon confirmation

☐ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Unsecured Claims
3) _____
4) _____

### d. Post-Petition Claims

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification ☐ NONE

**NOTE: Modification of a plan does not require that a separate motion be filed. A modified plan must be served in accordance with D.N.J. LBR 3015-2.**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 2/1/2021

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| The loan modification extends the term of my loan years and reduces the monthly payments. This will allow me to successfully continue making payments under the Ch. 13 plan and fulfill my financial obligations outside of the Ch. 13 plan, particularly in light of unforeseen financial and medical challenges. | New Rez Servicing for Shellpoint Mortgage approved a loan modification, extending the term of the loan. By lengthening the loan term and decreasing the monthly payment from approx $2703.00 to $2,278.68. There is a 3-month trial payment period under the loan modification with the first payment being due on July 28, 2023. The July, 2023 and August, 2023 payments have been made by me successfully. Upon successful completion of the third payment which is due on or about September 29, 2023, the loan modification approval process, as I understand, should be finalized. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 9/13/23

_Thaddeus James Taylor_
Debtor

Date: _____

Joint Debtor

Date: _____

Attorney for Debtor(s)

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b) Thaddeus James Lazor 25 John Court Randolph, NJ 07869 Debtor/Pro Se | |
| | Case No.: 20-12670-JKS |
| | Chapter: 13 |
| In Re: Thaddeus James Lazor Case No: 20-12670 Order Permitting Debtor to Cure Arrearages to Trustee Must File Modified Plan by 9/14/23 | Adv. No.: |
| | Hearing Date: |
| | Judge: John K. Sherwood, U.S.B.J |

U.S. BANKRUPTCY COURT

2023 SEP 13 P 12: 49

D. Chananie

## CERTIFICATION OF SERVICE

1. I, __Thaddeus James Lazor__ :

   ☐ represent _____ in this matter.

   ☐ am the secretary/paralegal for _____, who represents _____ in this matter.

   ☒ am the ____Debtor____ in this case and am representing myself.

2. On __September 13, 2023__, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below.
   -Notice of order permitting debtor (Thaddeus James Lazor) to cure arrearages to Trustee by submitting a modified plan.
   -Ch. 13 Modified Plan including a copy of email correspondence from Shellpoint mtg confirming the modification approval for the amount of $2,278.68.

3. I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Date: 9/13/23

Signature: Thaddeus James Lazor

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Marie- Ann Greenberg<br>30 Two Bridges Road<br>Suite 330<br>Fairfield, NJ 07004-1550 | Trustee | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☒ Other  Email: mageef@magtrustee.com  Email: bnk@magtrustee.com<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Honorable Judge John K. Sherwood<br>US Bankruptcy Court<br>50 Walnut Street<br>Third Floor, D,<br>Newark, NJ, 07102 | United States Bankruptcy Judge for the District of New Jersey | ☒ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| U.S Trustee<br>US Dept of Justice<br>Office of the US Trustee<br>One Newark Center Ste 2100<br>Newark, NJ 07102 | Trustee | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☒ Other  Email: ustpregion03.be.ecf@usdoj.gov<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Shellpoint Mortgage Servicing<br>P.O. Box 10826<br>Greenville, SC 29603-0826<br>800-365-7107 | Mortgage Servicing company (New Rez/ Shellpoint) | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☒ Other  Email: lossmitigation@shellpointmtg.com<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
|  |  | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |

2





| UNITED STATES BANKRUPTCY COURT |
| --- |
| DISTRICT OF NEW JERSEY |
| Marie-Ann Greenberg, MAG-1284 |
| Marie-Ann Greenberg, Standing Trustee |
| 30 TWO BRIDGES ROAD |
| SUITE 330 |
| FAIRFIELD, NJ  07004-1550 |
| 973-227-2840 |
| Chapter 13 Standing Trustee |

Order Filed on August 28, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

IN RE:

THADDEUS JAMES LAZOR

Case No.: 20-12670 JKS

Hearing Date: 8/24/2023

## ORDER PERMITTING DEBTOR TO CURE ARREARAGES TO TRUSTEE

The relief set forth on the following page, numbered two (2), is hereby **ORDERED**.

DATED: August 28, 2023

_____
Honorable John K. Sherwood
United States Bankruptcy Court

34108020719014



Debtor(s): THADDEUS JAMES LAZOR

Case No.: 20-12670

Caption of Order: ORDER PERMITTING DEBTOR TO CURE ARREARAGES TO TRUSTEE

THIS MATTER having come before the Court on 08/24/2023 on notice to STEVEN MARTINO, ESQ., and to the Debtor(s) herein, and good sufficient cause having been shown, it is:

- ORDERED, that the Debtor(s) must file a modified plan or reconvert to a Chapter 7 by 9/14/2023.



P.O. BOX 51850
LIVONIA MI 48151-5850
RETURN SERVICE REQUESTED



Phone Number: 800-365-7107
Fax: 866-467-1137
www.shellpointmtg.com
Mon - Thurs: 8:00AM-9:00PM
Fri: 8:00AM-9:00PM
Sat: 10:00AM-2:00PM

S-SFRECS20 L-1409 R-101
PIJMHG00202750 - 751786058 I09776
THADDEUS LAZOR
25 JOHN CT
RANDOLPH NJ 07869-3432

| Loan Number: | 0578479127 |
| Principal Balance: | $319,655.94 |
| Property: | 25 JOHN CT RANDOLPH, NJ 07869 |

08/29/2023

Dear Borrower,

This letter is to confirm that you authorized the following payments to be drafted from your account(s).

| Scheduled Payment Date | Payment Amount | Account Number |
|---|---|---|
| 08/31/2023 | $2,278.68 | ****0290 |
| 09/29/2023 | $2,278.68 | ****0290 |

If you wish to cancel the next draft, please call us at least 24 hours prior to the next scheduled payment date. If you wish to cancel this automatic draft service or have questions, please contact our office at 800-365-7107 within three days of automatic draft. We are available Monday through Thursday 8:00AM-9:00PM, and Friday 8:00AM-9:00PM, and Saturday 10:00AM-2:00PM EST.

Shellpoint Mortgage Servicing
P.O. Box 10826
Greenville, SC 29603-0826
800-365-7107

SEE REVERSE SIDE OR ATTACHED FOR AN IMPORTANT STATEMENT OF YOUR RIGHTS.

<EAcuna@newrez.com> wrote:

0578479127

Hello,

The modification has been approved, I will call you to schedule the payment, the trial payment is $2,278.68. You can also pay on the web portal

1. Webportal: **shellpointmtg.com**

Sincerely,

**Evangelina Acuna**
*Loss Mitigation Specialist*

<image002.png>
**Servicing**

<image003.png>

P  602-661-4462 |  F  866-467--1187
e.acuna@newrez.com
Hours of Operation: Monday-Friday 9am-6pm MST
Webportal: **shellpointmtg.com**

<image004.png>

**Newrez LLC**
Tempe, AZ 85284

Main Number: 866-825-2174 Hours of Operation: Monday-Friday 8am – 9pm EST.

*All documents must be faxed to 866-467-1187 or emailed to lossmitigation@shellpointmtg.com*

This message, and any attachments, is for the intended recipient(s) only, may contain information that is privileged, confidential and/or proprietary and subject to important terms and conditions available at https://www.shellpointmtg.com/email-policy. If you are not the intended recipient, please delete this message. This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector. If you are a customer in bankruptcy or a customer who has received a bankruptcy discharge of this debt: please be advised that this notice is to advise you of the status of your mortgage loan. This notice constitutes neither a demand for payment nor a notice of personal liability to any recipient hereof, who might have received a discharge of such debt in accordance with applicable bankruptcy laws or who might be subject to the automatic stay of Section 362 of the United States Bankruptcy Code.